**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4069**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

SHANE DOUGLAS SICHTING,

       Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:16-cr-00181-BHH-1)

Argued:  May 10, 2018                        Decided:  May 24, 2018

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Janis Richardson Hall, Greenville, South Carolina, for Appellant.  Elizabeth Jeanne Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.  **ON BRIEF:**  Beth Drake, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shane Sichting pleaded guilty to using a facility of interstate commerce in the attempted commission of a murder-for-hire-scheme, in violation of 18 U.S.C. § 1958(a), and to attempting to kill two individuals with the intent to retaliate against them for their cooperation with law enforcement officers, in violation of 18 U.S.C. § 1513(a)(1)(B). The presentence report calculated an advisory sentencing range of 121 to 151 months' imprisonment, determined from an offense level of 30 and a criminal history category of III, and the district court imposed a sentence of 135 months' imprisonment.

Sichting's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there were no grounds for appeal but questioning, as relevant here, whether the district court erred in applying a two-level enhancement for extensive planning.* In an order dated October 11, 2017, we directed the government to submit a brief addressing that enhancement, as well as whether the two counts of conviction should have been grouped together under U.S.S.G. § 3D.1.2. Our resolution of these issues in Sichting's favor would at most reduce his offense level from 30 to 29. During the discussion of the issue at oral argument, however, it was surmised that the proper offense level might even be higher than that applied by the district court. In light of this possibility, Sichting made clear, as stated in his brief, that he was not challenging the actual sentence given. The government, which did not file a cross-appeal, also stated that it was not challenging the

---

* Sichting's *Anders* brief also questioned whether the district court complied with all of the requirements of Rule 11 of the Federal Rules of Criminal Procedure when it accepted his guilty plea. Reviewing this issue for plain error, we see no reversible error in the district court's plea colloquy and therefore affirm Sichting's convictions.

sentence given.  Indeed, both parties made emphatically clear that they were satisfied with the sentence and were not seeking a remand for resentencing.  Accordingly, we affirm.

AFFIRMED